## Campbell & Strong v. Savage et al.

PRACTICE: *Application to be made party to suit.*

    C. & S. filed their bill against Savage to foreclose a mortgage executed by him on certain lands, making Deadwiler, who was in possession and claiming an interest in them, a party defendant. Atwood showing that he claimed title to the land and that his tenant was in possession and had refused to pay him rent because he was made party defendant in the suit to foreclose, asked to be made party defendant, and to file his answer and cross-complaint to plaintiff's complaint. Held, that his application was properly allowed.

SAME: *Judgment on overruling demurrer to cross-complaint.*

    On overruling a demurrer to a cross-complaint, the judgment should be *respondeat ouster* and the plaintiff be allowed to answer it.

APPEAL from *Dorsey* Circuit Court.

Hon. J. M. BRADLEY, Special Judge.

*Carroll & Jones*, for appellants.

*McCain, contra.*

ENGLISH, C. J.:

On the 8th of June, 1875, Campbell & Strong filed a bill in the Circuit Court of Dorsey county against Joseph J. Savage and wife, and P. W. Deadwiler, to foreclose a mortgage.

The bill alleges, in substance, that on the 13th of May, 1872, Joseph J. Savage made a note to complainants for $3,951.45, payable at their office in New Orleans, on the 1st of January, 1873, with ten per cent interest from maturity.

That to secure the payment of this note, Savage and wife, America Elizabeth, on the 15th of May, 1872, executed to complainants a mortgage upon certain lands, which are described, then situated in Lincoln county, where the mortgage was recorded, but now in Dorsey county.

That defendant, Deadwiler, was in possession of the lands, claiming some interest therein as purchaser, mortgagee or tenant.

That no part of the debt or the interest had been paid.

Prayer for decree against Joseph J. Savage for the debt and interest and expense of foreclosure, which was provided for in the mortgage, and that the lands be condemned and sold by a commission to satisfy the decree.

Subpœnas were issued on the filing of the bill, returnable to the following fall term of the court, which were served upon the defendants, but none of them made any defense.

At the return term, on the 6th of October, 1875, Curtis B. Attwood applied to the court to be made a defendant to the bill, and to file an answer and cross-complaint.

On the next day the motion was heard, and against the objection of the complainants, granted, and the answer and cross-bill were filed, a receiver appointed to take charge of the lands, and rent them out for the year 1876, and the cause was continued with leave to the complainants to amend their bill by the first day of the next term of the court.

The answer and cross-bill of Attwood set up tax deeds for most of the lands embraced by the mortgage, and alleged that defendant, Deadwiler, was in the occupancy of the lands as tenant of Attwood.

In the transcript before us there is a hiatus from the September term, 1875, to the September term, 1876, no orders or entries appearing to have been made in the cause at the spring term, 1876.

On the 8th of September, 1876, complainants filed a motion to transfer the cause to the Circuit Court of the United States for the Eastern District of Arkansas, which was stricken from the files, on motion of counsel for Attwood. Whereupon complainants filed a demurrer to the cross-complaint, which was argued, and by the court, overruled. "Thereupon complainants immediately made application to file their answer to the cross-bill on to-morrow morning, which was objected to by defendant, Attwood, for the reason that plaintiffs were required by

the court to file their answer on or before the first day of the last term of this court; and on consideration, said application was rejected by the court, to which ruling, plaintiffs excepted."

Thereupon plaintiffs filed their tender to Attwood of moneys paid out by him for the lands claimed in his cross-bill, and also filed their motion to dismiss the suit, which was overruled by the court.

Thereupon, complainants making no further appearance, the court rendered a decree in their favor against defendant, Joseph J. Savage, for the debt and interest secured by the mortgage, and foreclosed the mortgage as to several tracts of land not embraced in Attwood's tax deeds, and ordered them sold by a commissioner, etc., and decreed the remaining lands covered by the mortgage, with the rents in the hands of the receiver, to Attwood.

Campbell & Strong appealed to this court.

I. The tax deeds exhibited with the cross-bill are dated subsequent to the execution of the mortgage; most of them are auditor's deeds, and all of them were procured by Attwood in the years 1873-4-5.

Appellants might have made him a defendant as a purchaser subsequent to the execution of the mortgage, and it would have been the better practice for them to have done so to prevent litigation with him in another suit, and to make a clear title under foreclosure, decree and sale of the lands. *Bliss on Code Practice*, p. 101.

It was proper for the court to permit him to become a defendant, and file an answer and cross-complaint, on the showing made by him that he claimed title to most of the lands, and that his tenant was in the occupancy of the lands and had refused to pay him rent because he was made a defendant to the suit to foreclose. · *Gantt's Dig.*, Secs. 4476, 4482. This case differs from *Files* v. *Files*, 28 Ark., 151.

Campbell & Strong vs. Savage et al.

II. The court permitted appellants to file a demurrer to the cross-complaint, and after the demurrer had been argued, submitted and overruled, we can see no good reason why the court should have refused appellants the privilege of answering the cross-complaint, and showing, if they could, that any or all of the tax deeds relied on by Attwood were invalid.

The record does not show that the court had in fact made an order at the term the cross-bill was filed, for the appellants to answer it at the next term.

The entry was that the cause be continued, with leave to appellant to amend their bill. If the court made an order for them to answer by a particular time, the record should have shown it. The statement of counsel that such order had been made as a reason why the court should not permit an answer to be filed, amounts to nothing in the absence of a showing of record that such an order had been made. Record entries made at the time orders are made by the court, are the proper memorials of such orders, and not the memories of counsel, however good. If an order is in fact made, and not entered at the time, it may afterwards be entered, on a proper showing, *nunc pro tunc*.

True, the court had a discretion in the matter of the time of filing the answer, but having permitted the demurrer to be filed, and thereby treated the cross-complaint as open for defense, we can see no good reason why the answer might not have been filed on the overruling of the demurrer. The proper judgment on overruling the demurrer *was respondeat ouster*.

So much of the decree as was in favor of appellee, Attwood, on the cross-matter, must be reversed at his costs, and the cause remanded with instructions to the court below to permit appellants to answer the cross-complaint, etc.